# GEORGE F. MERRITT v. HENRY G. HAAS and Another.[1]

January 13, 1911.

Nos. 16,851—(204).

**Agreement not a guaranty.**

    An agreement construed to be an original promise, and not a guaranty.

**Agreement to pay insurance premium — insolvency of insurer.**

    Where A. makes an agreement to pay the premium on a specified policy of insurance on the life of another, given as collateral security, such agreement assuming the continued existence of the insurance company issuing such policy and making no provision for the contingency of the company ceasing to do business, if thereafter such company becomes insolvent and ceases to do business, A. is thereby relieved from further performance of said agreement.

**Reinsurance.**

    The fact that, prior to its insolvency, the company issuing the policy reinsured all its policy holders in another insurance company, does not so

[1] Reported in 129 N. W. 379.

substitute the contract for insurance by the new company for the policy described in A.'s agreement as to require him to pay premiums to the new company.

Action in the district court for Ramsey county by the trustee of the trust estate of E. St. Julien Cox, under the last will and testament of William S. Cox, deceased, to recover $3,600. The complaint, among other matters, set out an order of that court directing a former trustee of that trust to pay over to plaintiff as his successor the sum of $9,037.16, and, in case of failure to make such payment, permitting plaintiff to sue upon his predecessor's bond, set out the agreement given in the opinion, and alleged that the four notes mentioned in that agreement, and interest thereon since the year 1905, were unpaid. The separate answer of defendant Haas alleged that all the pretended causes of action attempted to be set out in the complaint were barred by the statute of limitations, and that before the bringing of this action the plaintiff brought an action in the same court against these defendants upon part of the same contract, to-wit: an action to recover the interest upon the identical promissory notes described in the complaint, and that action was still pending. Defendant McCardy was not served with the summons and made no appearance. The case was tried before Hallam, J., who ordered judgment in favor of defendant Haas. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*I. C. Buell* and *Durment, Moore & Sanborn,* for appellant.
*John D. O'Brien* and *Dillon J. O'Brien,* for respondent.

SIMPSON, J.
The facts in this case are substantially as follows:
One Albert Scheffer was trustee in possession of certain trust property. Defendants were sureties on his bond as such trustee. By order of the district court Scheffer was removed from his said trusteeship, George F. Merritt, plaintiff herein, was appointed in his stead, and Scheffer was directed to pay over to his successor a certain sum as part of the trust estate. Upon Scheffer's failure to pay the directed sum, the plaintiff herein sued him and his bonds-

men, the defendants, to recover the same. During the pendency of that action it was settled; the court by its order authorizing and approving the settlement.

As part of such settlement Scheffer made to the plaintiff his four promissory notes, each in the sum of $900, and as collateral security to the payment of these notes and interest a policy of insurance upon the life of Scheffer payable to plaintiff was agreed to be, and was in fact, issued by the Northwestern Life Assurance Company; Scheffer and his bondsmen, Haas and McCardy, agreeing to pay all assessments and premiums on said policy. This agreement was as follows:

"The proposition made by Albert Scheffer, former trustee herein, and Joseph J. McCardy and Henry G. Haas, bondsmen of said trustee, which is on file in the above-entitled matter, having been approved by the court and accepted in full satisfaction and settlement of all claims and demands of George F. Merritt as substituted trustee herein against said Scheffer and his said bondsmen; and as security for the payment of the notes mentioned therein there has been reissued by Northwestern Life Assurance Company of Chicago, Illinois, that certain policy for the sum of ten thousand dollars on the life of said Albert Scheffer, payable to George F. Merritt, as trustee aforesaid, as his interest as such will appear, and the said policy has been delivered to said Merritt:

"Now, therefore, in part consideration for the release of us, and each of us, from all obligation imposed by the bond given in said matter by us, we and each of us do hereby guarantee to pay, as the same becomes due, all assessments and premiums upon said policy necessary to keep the same in full force and effect so long as any of the notes given by said Scheffer to said Merritt, as trustee, shall remain unpaid. And in case a five thousand dollar policy is substituted for said ten thousand dollar policy ($10,000), as contemplated in said proposition, we and each of us will make the payments of premiums on such substituted policy necessary to keep the same in full force during the time aforesaid.

"Dated December 4th, 1899.

[Signed]   "Albert Scheffer.
[Signed]   "J. J. McCardy.
[Signed]   "Henry G. Haas."

The policy of insurance therein referred to was issued and delivered to the plaintiff in December, 1899, or January, 1900. The annual premium prescribed by the policy was $498.90, payable February 6. No premium was ever paid on this policy, except the first annual premium mentioned therein. On September 1, 1900, a receiver was appointed for the said Northwestern Life Assurance Company, and from that time the said company was, and still is, insolvent and not in business. Albert Scheffer was insolvent at all times after November 1, 1900. The notes made by him to the plaintiff were not paid, and on September 29, 1905, Scheffer died. The provision for the substitution of a $5,000 "old line" policy was never acted on, and it does not appear whether or not such a policy could have been obtained.

Prior to September 1, 1900, the said Northwestern Life Assurance Company made a contract of reinsurance and transfer of its members, including the policy above mentioned, and the said Scheffer, to the Mutual Reserve Fund Life Association of New York, by the terms of which the said Mutual Reserve Association agreed to perform and carry out the obligations of the said Northwestern Life Assurance Company on its contracts or policies of insurance theretofore issued, including the policy of insurance hereinbefore mentioned, and said contract was fully approved and ratified by the members of the said Northwestern Life Assurance Company September 1, 1900, immediately prior to the appointment of a receiver for the company.

The Mutual Reserve Life Fund Association of New York was, at the time of this reinsurance, carrying on insurance under the assessment plan. In 1902 it changed its method to the old line system of insurance, this change involving a considerable increase in the amount of premium. In 1901 it was refused a license to do insurance business in the state of Minnesota, and never after was authorized to do such business in this state. It continued to do business, however, in New York and other places, until on or about February 22, 1908, when, it being insolvent, a receiver was appointed for it. It continued under said changed plan to carry the policies

of insurance, issued by the Northwestern Life Assurance Company and reinsured by said Mutual Company, upon which premiums were paid until it went into the hands of a receiver.

Neither Henry G. Haas, defendant herein, nor George F. Merritt, plaintiff herein, had any notice or knowledge, until after the death of Albert Scheffer, of the insolvency of said Northwestern Life Assurance Company, of the reinsurance in the Mutual Reserve Fund Life Association, of the cessation of payment of premiums on account of said insurance after the said first premium, or of the lapsing and cancellation of the policy of insurance issued upon the life of Scheffer and delivered to the plaintiff.

Upon these facts the plaintiff claims the right to recover as damages the amount of the unpaid notes, to secure the payment of which the insurance policy was issued to plaintiff; such amount being less than the amount of the policy.

1. While the term "guarantee" is used in the agreement providing for payment by the defendants of premiums on the policy of insurance issued on the life of Scheffer, it fairly appears from an examination of all of the writings and circumstances of the settlement, as part of which this agreement was made, that the promise on the part of the defendants to pay the premiums was an original promise, and not a guaranty.

2. The agreement made by the defendants. McCardy and Haas was to pay, as the same became due, all assessments and premiums upon said policy—that is, the certain contract of insurance for the sum of $10,000 reissued by the Northwestern Life Assurance Company —necessary to keep the same in full force and effect so long as any notes given by Scheffer to Merritt as trustee remained unpaid. It was not a general agreement to keep in force a fixed amount of insurance on the life of Scheffer.

When the Northwestern Life Assurance Company became insolvent, went into the hands of a receiver, and ceased to transact business, it ceased to earn premiums; and payment thereof was no longer required, and, if made, would not have been effective to keep in force insurance by that company on the life of Scheffer.

The parties to the agreement under consideration contemplated

that the Northwestern Life Assurance Company would continue in business, and made no provision for the contingency of its going out of business. The agreement contemplated the continued existence of that particular contract of insurance, and thereby made the existence of that contract an implied condition of performance. The subject-matter of the agreement having ceased without any fault on the part of the defendant Haas, he is not liable for the resulting inability to further carry on the agreement. McMillan v. Fox, 90 Wis. 173, 62 N. W. 1052; Lorillard v. Clyde, 142 N. Y. 456, 37 N. E. 489, 24 L.R.A. 113.

3. Payment of premiums to the Mutual Reserve Fund Life Association was not required by the defendants' contract after the reinsurance. The defendant Haas in no way agreed to recognize the insurance contract of the new company in lieu of the contract on which he had agreed to pay premiums.

The insolvency of the Northwestern Life Assurance Company and the assumption of its obligations by the Mutual Company created an entirely different contract of insurance from the one provided for in the guaranty agreement. Crowell v. N. W. Nat. Life Ins. Co., 99 Minn. 214, 108 N. W. 962; Lowell v. St. Louis Mut. Life Ins. Co., 111 U. S. 264, 4 Sup. Ct. 390, 28 L. ed. 423.

A change in the insuring company is a very material change in the contract of insurance. The benefits accruing to the insured and the burdens imposed upon him might, by such change, be made greatly different, and in the present case it would seem that in both respects a substantial change was in fact made by the reinsurance.

If the premiums required by the Mutual Company had been paid, it might have been required to pay the amount of the policy on Scheffer's death; but this is because of its agreement so to do. Neither the plaintiff, Merritt, nor the defendant, Haas, was a party to that agreement, and neither was bound to accept and treat this policy as the equivalent of the one described in the guaranty agreement under consideration, and the present willingness of plaintiff to so accept and treat it cannot operate as an acceptance by the defendant Haas.

It follows that the trial court rightly determined that there was no liability on the part of the defendant Haas in this action.

Affirmed.

JAGGARD, J., took no part.